THE FARMERS' LOAN & TRUST COMPANY *v.* THE CENTRAL RAILROAD OF IOWA.

*(Circuit Court, D. Iowa.* May, 1880.)

RECEIVERS—ORDER OF COURT.—Order of court construed requiring the receivers of a railroad to account before a master.

In the matter of the petition of J. B. Grinnell, asking an order restraining the master from reporting on accounts of Grinnell, ex-receiver, which had been made and previously reported upon.

MILLER, C. J., (*orally.*) The order or final decree under which the master's proceedings were had, orders that the receivers shall account before the master, and that the new corporation may contest or correct their accounts. It is immaterial about that. It undoubtedly gives them the right to appear and contest the matter. The question to be considered—the main question—and perhaps the only one, is, what was meant by that order of the court? And, in order to determine what was meant, you must consider what was the condition of things in regard to receiverships, because there were more than one, and the language of the order is in the plural, that the receivers shall appear and account before the master.

There had been three receivers, no one of whom has been discharged. One of these receivers had made monthly presentations of his accounts, which had been referred to the master, and were passed upon by the master and confirmed,

with the exception of the last one. That one had been passed upon and confirmed, except as to a few items to which the receiver himself took exceptions. The two other receivers had never made any final account. As regards them, their last accounts were open and not passed upon. The last receiver in the case, Mr. Morrill, had, as far as I know, presented no account at all. If he has, there is nothing to show but what his account is open to determination.

Under that state of the case the court came to make a final decree, (as near as it could make a final decree.) Coming to make a final decree they tried to conclude as much as they could. Among other things, none of these receivers were discharged, and they made this order that the receivers should appear before the master and pass their accounts. What did the court mean by that, under that condition of affairs? Did they mean to make an order equivalent to this, that *all* the accounts of *all* the receivers for *all* the time shall be open for re-examination? That is contrary to the usual course of proceedings in court; contrary to all the practices of dealing with accounts with administrative affairs; and if the court had meant it, it would have been very easy to say that the accounts of all these receivers are *all* of them open to full investigation, and they shall all come and pass their accounts, as they have never been settled at all.

That would have been the proper way to say that thing if the court meant it; and I think that where there is such a departure from the practice of the court—from the sound principles in regard to all accounting—whether private accounts or otherwise, stated accounts, a passing of receipts, or any settlement whatever, or a settlement in court having a judicial character, such is the strength of the principle that if you can go behind these without formal proceedings, (which I will presently mention,) and if the court meant in that instance to say that much, that every one of these receivers should come here without regard to any accounting heretofore, and all should be open as if it had never been settled, they would have said it. Certainly, if I had been on the bench, I should have said it if I meant that.

In addition to that there was no proceeding before the court asking such a thing. There was no application before the court assailing these accounts either for error or for fraud. It is simply a general order, purporting to be made at the request of nearly all the parties to the whole transaction, that the account of the receivers should be passed before the master. Now the court cannot carry in its mind, and it is not to be supposed that it can, the knowledge of accounts filed month by month, passed upon month by month by the master, and by him confirmed. It is not to be supposed that although the court must take judicial notice of these things, that they did actually know that such was the condition in regard to Mr. Grinnell's account, and that they knew such was not the condition in regard to other accounts, or that they knew there was any distinction between the three.

It is not to be supposed that the court had that in its mind, but it is fair to suppose that they would pass an order including all the receivers, and instructing them in this. The receivers will pass their account subject to the rules of law concerning those accounts. If there is a receiver here who has any account which has not been passed before the master, he will pass the account and let it be settled. If there are two they will be settled. If there is a receiver, all of whose accounts are passed but the last account, he will settle as to that. If there is a receiver who has an account all of which is passed he does not need to settle, and the order does not affect him, except in general terms. I cannot suppose the court meant that all the receivers, every one of them, should appear before the master and re-open all their reports. Suppose you go that far, what rule should the master adopt? a different one from what had been adopted before in passing accounts? On the contrary, for all of them the rule would be that, as to those which have already been passed upon, it is settled, and I will report the fact that it is settled; and as to those which have not been passed upon, you must come up and settle.

With that view of the subject, about which I am very clear, I am supported by Judge McCrary, and the result is we

instruct Mr. Lomax that he has nothing to do with Mr. Grinnell's accounts. What is open, as I understand, of Mr. Grinnell's case, is simply his own exception to the last report of the master. Why it has not been disposed of, and why nobody takes any measures to dispose of it, we cannot say. We instruct the master that he has nothing further to do in. the present condition of affairs with. Mr. Grinnell's accounts.

Possibly it may be my duty, after the argument made here yesterday as to the proper mode of proceeding, to say that the mode of revising the report of the master on the receiver's account may be different from revising his report on any other subject. It is unnecessary to decide this, because even the authorities read by Judge Cole show that the receiver's report stands in the same attitude as if it had been passed by the master, and that it is only assailable by direct proceeding in court, in the nature of a petition, calling its attention to some error, fraud or mistake, or anything of the kind, and we are of opinion that no other mode of assailing these accounts exists but a direct proceeding in court and before the court, showing special reasons why the report should be re-examined over?